UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VEGA,<br><br>Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>Respondent. | Case No. 16-cv-05145-YGR (PR)<br><br>**ORDER DIRECTING FILING OF NOTICE OF APPEAL; AND DENYING AS MOOT PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 24, 2017, the Court entered an order and judgment denying the petition on the merits. Dkts. 16, 17. Thereafter, on November 26, 2017,[1] Petitioner filed a document entitled, "Motion for Request of Extension," in which he requests an extension of time to file a certificate of appealability ("COA").

As a preliminary matter, Petitioner seeks additional time to file a COA, but has not filed a separate notice of appeal. However, any document that clearly evinces an intent to appeal and is otherwise sufficient under Federal Rule of Appellate Procedure 3(c) may be construed as the functional equivalent of a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 245 (1992). Petitioner's aforementioned motion evinces an intent to appeal and is otherwise sufficient to be considered a notice of appeal. *See Smith*, 502 U.S. at 248; Fed. R. App. P. 3(c); *cf. Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely *pro se* motion for a certificate of probable cause as a timely notice of appeal), *cert. denied*, 498 U.S. 1091 (1991). Therefore, the Court construes Petitioner's pending motion as a notice of appeal. The Court further notes that an appeal of right may be taken only by filing a valid notice of appeal in the district court within the time allowed by Fed. R. App. P. ("FRAP") 4. *See* FRAP 3(a)(1). The notice of appeal must be filed

---

[1] Petitioner's motion has a signature date of November 26, 2017 and was stamped "filed" at the Court on December 1, 2017. As a *pro se* prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the motion to prison officials for mailing on the date he signed it, i.e., November 26, 2017, and deem the motion filed as of that date.

within thirty days after judgment is entered. *See* FRAP 4(a)(1). Under these rules, a notice of appeal be filed in this action within thirty days of October 24, 2017 (the day judgment was entered), that is, on or before November 27, 2017.[2] Here, Petitioner's motion was signed on November 26, 2017, which is before the deadline and is therefore timely under FRAP 4(a)(1). Therefore, the Clerk of the Court is directed to file Docket No. 18 as a notice of appeal, with a filing date of November 27, 2017.[3]

Finally, as mentioned above, Petitioner requests an extension to file a COA. Federal Rule of Civil Procedure 6(b) allows the district court to extend the time for taking any action that is required to be done within a specified time under the Federal Rules or a court order. There is no time limit for requesting a COA. *See* 28 U.S.C. § 2253(c). In any event, in its October 24, 2017 Order, the Court declined to issue a COA as to Petitioner's sole instructional error claim. Dkt. 16 at 26. Therefore, there is no need for Petitioner to file a COA in this Court, a fact which renders moot his request for an extension of time to do so. Accordingly, Petitioner's request for an extension of time to file a COA is DENIED as moot.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's "Motion for Request of Extension" is construed as a notice of appeal. The Clerk is directed to file Docket No. 18 as a notice of appeal, with a filing date of November 27, 2017.

2. Petitioner's request for an extension of time to file a COA is DENIED as moot. Dkt. 18.

3. This Order terminates Docket No. 18.

IT IS SO ORDERED.

Dated: August 15, 2018

YVONNE GONZALEZ ROGERS
United States District Judge

---

[2] The Court notes that Thanksgiving was on November 24, 2017.

[3] November 26, 2017 was a Sunday. Therefore, the Court will use the next day, November 27, 2017, as the filing date.